UNITED STATES DISTRICT COURT
FOR WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STATE OF MICHIGAN, )
                Plaintiff, )
v. )
CARL I. GARNER, )
                Defendant )

In re: removal from the 60th Judicial
District Court of the State of Michigan

**Cause No.: 06-052858-FH**

Honorable, Timothy G. Hicks
Circuit Court of the County of Muskegon

FILED - GP
06 MAR -2 AM 9:29

Robert Holmes Bell
Chief, U.S. District Judge
1:06 CV 0146

## Notice of Removal

    Comes now the Defendant, Carl I. Garner, *Pro Se*, and for his notice of removal, herein states the following:

    1. Defendant is a permanent resident of Muskegon County, Michigan;

    2. In the subject local action, the Plaintiff seeks to criminally prosecute Defendant for non-payment of a child support order which was issued by the "sister-state" of Missouri

    3. Defendant claims that Plaintiff (i.e., State of Michigan) does not have subject jurisdiction to criminally prosecute Defendant pursuant to MCL 750.165, and that said local action violates a federal statute, Social Security Act: <u>Title IV-D</u> (which mandates interstate UIFSA enforcement provisions);

    4. Note, UIFSA has no enforcement provisions which allows for criminal prosecution by responding UIFSA States;

### Judicial Review

Page 1 of 4

5. It is a standard practice in Michigan and Missouri governments, that each State prosecutes its own criminal non-support cases which are associated with its own issued support orders, not "responding" States;

6. In fact, State of Missouri has extended personal jurisdiction (RSMo 454.857 -UIFSA provision), and subject jurisdiction (RSMo 568.040) over said Defendant, as well as UIFSA provisions for Defendant's extradition (RSMo 454.989) to enforces its own issued support order, if it so chooses;

7. The 14th Amendment to U. S. Constitution (equal treatment concerning State laws and practices for all U.S. citizens), prohibits the State of Michigan's current local action against Defendant; And avoids the creation of a double jeopardy situation for the Defendant;

8. Defendant is requesting removal for Court review of Plaintiff's local action to decide the narrow question of which State court (among two competing States - i.e., diversity jurisdiction (42 USC 1331) issues), has the appropriate "subject jurisdiction" to hold a criminal trial of said Defendant for non-support, given the current case circumstances (analogous to interstate custody disputes and PKPA jurisdiction);

9. Defendant has the right to request removal of Plaintiff's local action to this Court no later than 30 days after Defendant's arraignment in state court, which occurred February 01, 2006, pursuant to 28 U.S.C. 1446 and FRCP Rule 11;

10. Enclosure (1) contains copies of all process, pleadings, and orders served upon said Defendant, pursuant to 28 U.S.C. 1446 (a) requirements;

## Memorandum In Support Of Petition For Removal
### Original Jurisdiction of the District Court

11. In *Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. 381 (1998), the United

States Supreme Court reiterated the same principles: *"We have suggested that the presence of **even one claim** "arising under" federal law is sufficient to satisfy the requirement that the case be within the <u>original jurisdiction</u> of the district court for removal. See Chicago v. International College of Surgeons, 522 U.S. \_\_\_, \_\_\_ (1997) (slip op., at 7-9)."* (emphasis added);

12. <u>Court should note that:</u> *"The 'district courts' <u>original jurisdiction</u> encompasses cases arising under the Constitution, laws, or treaties of the United States, §1331, and an action satisfies this requirement when the plaintiff's well-pleaded complaint raises issues of federal law, <u>Metropolitan Life Ins. Co. v. Taylor</u>, 481 U.S. 58, 63."* emphasis added);

### Supplemental/Pendent Jurisdiction

13. Also in 1997 the U.S. Supreme Court, held that *"A case containing claims that local... action violates federal law, but also containing state law claims for on-the-record review..., can be removed to federal district court."* <u>City Of Chicago v. Intern'l College Of Surgeons</u>, 522 U.S. 156 (1997);

14. Furthermore, In <u>Chicago</u>, the Supreme Court again explained what enables removal in state cases that have been already ongoing: *"The whole point of supplemental jurisdiction is to allow the district courts to exercise pendent jurisdiction over claims as to which original jurisdiction is lacking."*

### Federal Question

15. <u>Gully v. First Nat. Bank in Meridian</u>, 299 U.S. 109, 112 (1936) (<u>federal question</u> exists when a right or immunity created by the Constitution or laws of the United States [is] an element, and an essential one, of the plaintiff's cause of action);

16. The exact details of the above subject lawsuit should not be expressly necessary for

this Court to exercise its jurisdiction to now remove the instant state proceedings, but could be provided in full for the Court's convenience;

**WHEREFORE**, the undersigned Defendant Carl I Garner, now prays that the Court:

1. Remove the above-captioned state court, Cause No. 06-052858-FH, proceedings into, and under, the jurisdiction of this United States District Court, with all speed, for all future proceedings and final disposition pursuant to 28 U.S.C. 1446; and

2. Grant all other relief that Court finds just and proper in the premises;

Respectfully submitted,

_____
Carl I. Garner, (*Pro Se*)

### CERTIFICATE OF SERVICE

I hereby certify that, on this 2nd day of March, 2006, a true and correct copy of the foregoing petition for removal, in person, and/or Fax and/or by United States Mail postage prepaid, has been duly served upon the following in the lower state proceedings, to-wit:

Christina Harris
P.O. Box 30758
Lansing, MI 48909

Clerk of the Circuit Court for:
Honorable Timothy Hicks
990 Terrace Street
Muskegon, MI 49442

_____
Carl I. Garner, (*Pro Se*):
2504 Maffett Street
Muskegon Heights MI 49444
Ph: (231) 737-9214