UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STATE OF MICHIGAN,           )
                             )
            Plaintiff,       )     Case No. 1:06-cv-146
                             )
v.                           )     Honorable Robert Holmes Bell
                             )
CARL I. GARNER,              )
                             )     **MEMORANDUM OPINION**
            Defendant.       )
_____)

        On March 2, 2006, Carl I. Garner filed a *pro se* notice of removal, purporting to remove to this court a criminal action now pending against him in the Muskegon County, Michigan, Circuit Court. According to the felony information appended to the notice of removal, defendant is charged with failure to pay child support in violation of Mich. Comp. Laws § 750.165, a felony punishable by up to four years' imprisonment. The notice of removal asserts that the State of Michigan does not have subject-matter jurisdiction to prosecute Mr. Garner under this statute, because the statute violates the Social Security Act. Mr. Garner further alleges a violation of equal protection and the possibility of double jeopardy. Relying on authorities governing the removal of *civil* cases, Mr. Garner seeks to have this court assume jurisdiction over the criminal proceeding.

        When a criminal case is removed from the state courts, the federal district court has the authority to take notice of and determine the presence or absence of jurisdiction on its own motion. The Removal Act directs the district court to examine the removal notice promptly. The Act continues: "If it clearly appears on the face of the notice and any exhibits annexed thereto that

removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1446(c)(4). After examining the notice of removal and all attachments, this court concludes that it lacks subject-matter jurisdiction over the removed criminal case. The removed action will be summarily remanded to the Muskegon County Circuit Court.

Federal law allows removal of state criminal proceedings only in the rarest of circumstances. Removal of criminal proceedings is a grave intrusion upon the state system of justice, and it is therefore allowed only when authorized by an act of Congress. The removal petition does not cite any federal statute allowing removal of a criminal case. The facts alleged in the petition would not allow removal under any conceivable statute. 28 U.S.C. § 1442 allows federal officers to remove criminal prosecutions against them in certain circumstances. *See Mesa v. California*, 489 U.S. 121 (1989). Defendant does not allege that he is an officer of the United States. 28 U.S.C. § 1442a allows removal of some criminal actions against members of the armed forces. Again, defendant does not allege that he was a member of the armed forces at the time of the offense.

28 U.S.C. § 1443 allows removal of criminal cases in two circumstances. First, the case is removable if it is pending against a person who is denied or cannot enforce in the courts of the state a right under federal law providing for equal civil rights of citizens. Such laws are limited to those guaranteeing racial equality. *See Georgia v. Rachel*, 384 U.S. 780, 786-94 (1966). Removal under this statute is limited to those persons who are unable to enforce their right to racial equality because of some formal expression of state law. 384 U.S. at 803. In the present case, defendant does not allege any violation of a federal right to racial equality. Instead, he asserts federal defenses to the state prosecution, including federal preemption, and alleges

violations of general constitutional rights arising during the course of the criminal proceeding. This is plainly insufficient. *Rachel*, 384 U.S. at 792; *see Michigan v. Bailey*, 885 F. Supp. 167 (W.D. Mich. 1995) (assertion of a defense available in state court is not grounds for removal of criminal action). Furthermore, defendant has not identified any policy of the law of the State of Michigan that denies him the right to equal treatment on account of his race.

The other basis for removal under 28 U.S.C. § 1443 is available only to federal officers or state officers and persons assisting them in the performance of their duties. *See City of Greenwood v. Peacock*, 384 U.S. 808, 824 (1966). Defendant does not allege that he is a federal or state officer falling within the protection of this statute.

The attempt to remove the present criminal action from the state circuit court is patently frivolous. Mr. Garner does not allege a basis for this court's subject-matter jurisdiction over a state felony proceeding. This matter clearly falls within the jurisdiction of the state courts, and not the federal district court. Defendant is free to assert all his federal defenses in the state courts, and, if unsuccessful, may seek *certiorari* in the United States Supreme Court. This matter will be summarily remanded to the Muskegon County, Michigan, Circuit Court.

Dated:      March 13, 2006           /s/ Robert Holmes Bell
                                                                          ROBERT HOLMES BELL
                                                                          CHIEF UNITED STATES DISTRICT JUDGE